**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOREEN HARROCKS, | CIVIL ACTION NO. 12-5353 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| SAKER SHOPRITES, INC., et al., | |
| Defendants. | |

**THE PLAINTIFF**, Doreen Harrocks, brings the action against the defendants, her former employer, Saker ShopRites, Inc. ("Shoprite"), and the labor organization that represented her interests during her term as a Shoprite employee, United Food and Commercial Workers International Union, Local 464A (pleaded here as "UFCW, 464A" and referenced in this Opinion as "the Union"). (See dkt. entry no. 1-1, Ex. A to Notice of Removal, Compl.)  It appears that Shoprite terminated Harrocks's employment after determining that she brought a "small plastic bag containing a suspected controlled dangerous substance ('CDS')" into the workplace. (See id. at ¶¶ 9, 12.)  It also appears that Harrocks, while employed by Shoprite, was bound by the collective bargaining agreement ("CBA") between Shoprite and the Union. (See id. at ¶ 14; see also dkt. entry no. 23-3, Ex. A to Moroney Certification, CBA.)

**HARROCKS** seeks damages from Shoprite for both: (1) an alleged breach of the CBA, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("the Breach of Contract Claim"); and (2) the publication of allegedly defamatory statements ("the Defamation Claim"). (See Compl. at ¶¶ 14-18, 22-24.) To support the Defamation Claim, Harrocks merely alleges that Shoprite "published to third parties an allegation that Harrocks possessed a CDS . . . [and] knew or should have known that the allegation had no evidentiary support." (Id. at ¶¶ 22-23.) She neither alleges who the third parties are or might have been, nor specifies whether the allegedly defamatory statements were made in the course of or relation to the termination of her employment.

**SHOPRITE** now moves to dismiss both of the claims raised against it pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. entry no. 23, Mot.)[1] Harrocks opposes the Motion. (See dkt. entry no. 24, Opp'n Br.) The Court will now resolve the Motion without oral argument, and will address each of the claims at issue -- and the parties' related arguments -- in turn. See L.Civ.R. 78.1(b).[2]

---

[1] The Court earlier dismissed the Complaint insofar as it concerned the Union. (See dkt. entry no. 27, 4-19-13 Order.)

[2] The Court writes exclusively for the parties, who have demonstrated, through their respective briefs, their familiarity with the standard of review applied to a Rule 12(b)(6) motion. Accordingly, the Court does not recite that standard here.

### I.  THE BREACH OF CONTRACT CLAIM

**SHOPRITE** first argues that the Breach of Contract Claim should be dismissed either as untimely or, alternatively, because Harrocks failed to exhaust the administrative remedies provided by the CBA. (See dkt. entry no. 23-1, Br. in Supp. at 5-11.)  To support its argument, Shoprite submits the certification of Kevin Moroney, Shoprite's Senior Vice President of Human Resources and Labor Relations.  (Dkt. entry no. 23-3, Moroney Certification.)  Moroney claims "knowledge of the facts and circumstances surrounding the above-captioned matter", and raises factual allegations that go beyond the four corners of the Complaint.  (Id. at ¶ 7-12.)

**HARROCKS** raises two arguments in opposition to dismissal of the Breach of Contract Claim.  First, Harrocks argues that the Complaint was timely filed because the applicable statute of limitations was tolled until January 6, 2012, when she "received the final notice granting her unemployment benefits."  (Opp'n Br. at 8.)[3]  To support this argument, Harrocks refers to peripheral documents that were not incorporated in the Complaint.  (See id.)  Second, Harrocks argues that the failure to exhaust administrative remedies is properly attributed to the Union and, accordingly, should not bar the Breach of Contract Claim.  (See id. at 9-10.)

---

[3] The parties agree that the statute of limitations applying to the Breach of Contract Claim is six months.  (See Br. in Supp. at 6; Opp'n Br. at 7.)  See also Vadino v. A. Valey Eng'rs, 903 F.2d 253, 260 (3d Cir. 1990).

**THE COURT** has considered the parties' arguments, and intends to deny the Motion without prejudice insofar as it concerns the Breach of Contract Claim.  The Court notes that the limitations period for a claim under Section 301 of the LMRA accrues "when the claimant discovers, or in the exercise of reasonable discretion, could have discovered the acts constituting the violation," which has been interpreted as the moment when the plaintiff "receives notice that the union will proceed no further with the grievance." Vadino, 903 F.2d at 260 (citation omitted).  It thus appears that issues concerning the limitations period and issues concerning a claimant's failure to exhaust administrative remedies may be intertwined, insofar as a claimant may not receive notice from her union that it will not further proceed with a grievance.

**THE COURT** has reviewed the CBA, which outlines the grievance procedures at issue.[4]  The Court's review demonstrates that both of Shoprite's arguments fail at this stage of the proceedings.  When the CBA is read in the light most favorable to Harrocks, it appears that the Union may have been responsible for furthering the grievance process.  (See CBA at Article 9, ¶ B ("If the Union and

---

[4] The Court has considered the CBA without converting the Motion to a motion for summary judgment, as the CBA was both integral to and explicitly relied on in the Complaint.  (See Compl. at ¶¶ 14-16.)  See Enigwe v. U.S. Airways/U.S. Airways Express, 438 Fed.Appx. 80, 82 (3d Cir. 2011).

[Shoprite] cannot agree as to the justification of the discipline and/or discharge, the dispute shall be submitted to arbitration.").) Accordingly, the court is unable to determine at this stage of the proceedings: (1) when or whether Harrocks received notice that the Union would not further proceed with the grievance procedures outlined in the CBA; (2) whether the Union or Harrocks ultimately bore responsibility for furthering the grievance proceedings; and (3) when the limitations period relating to the Breach of Contract Claim began to accrue. See Vadino, 903 F.2d at 260. Following discovery, Shoprite may raise these issues anew in a timely and properly filed motion for summary judgment.[5]

---

[5] Both Shoprite and Harrocks, as noted above, relied on evidence beyond the Complaint and CBA when supporting or opposing the Motion. The Court has not considered that evidence. See Snyder v. Baxter Healthcare, 393 Fed.Appx. 905, 907 n.4 (3d Cir. 2010) ("Pursuant to Rule 12(b)(6), affidavits or other peripheral documents are generally not permissible for a district court's consideration because a motion to dismiss attacks claims contained by the four corners of the complaint."). The Court would, however, consider such evidence upon a later motion for summary judgment. Before such a motion is filed, the parties should determine whether Harrocks was in any sense misled by the Union. They should also determine whether Harrocks met her "duty to exercise due diligence" by familiarizing herself "with the collective bargaining agreement, and . . . making . . . such inquiries as would be reasonably calculated to acquire the pertinent information concerning" the Union's alleged failure to proceed with grievance procedures. See Carrington v. RCA Global Commc'ns, Inc., 762 F.Supp. 632, 638-39 (D.N.J. 1991) (dismissing claim asserted under Section 301 of the LMRA where the plaintiff suggested neither that reasonable inquiries were made nor that the union misled him).

## II. THE DEFAMATION CLAIM

**SHOPRITE** argues that the Defamation Claim should be dismissed because it is preempted by the LMRA. (See Br. in Supp. at 11-15.) To support this argument, Shoprite argues that the statements at issue arose in the context of and are thus inextricably intertwined with a grievance procedure contemplated by the CBA. (See id.) Shoprite also argues that the Defamation Claim should be dismissed because Shoprite was privileged to make such statements during a grievance proceeding contemplated by the CBA. (See id. at 15-16.)

**THE ALLEGATIONS** appearing in the Complaint, viewed in the light most favorable to Harrocks, do not support dismissal of the Defamation Claim. The Complaint does demonstrate that such statements were made during grievance proceedings, and the Court, when resolving the Motion, cannot accept Shoprite's contrary assertions.[6] The Court may only decide the Motion based on the facts alleged in the Complaint. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Juice Entm't, LLC v.

---

[6] The Court notes that the allegations supporting the Defamation Claim are meager, at best. Harrocks alleges that Shoprite "published to third parties an allegation that Harrocks possessed a CDS," but she fails to allege, inter alia: (1) which Shoprite employees made the statements at issue; and (2) whether such publication arose from or otherwise related to the grievance procedures contemplated by the CBA. Harrocks also fails to allege when the statements were made or who the statements were made to. This information would prove relevant

Live Nation Entm't, Inc., No. 11-7318, 2012 WL 2576284, at *2 (D.N.J. July 3, 2002).  The Court thus intends to deny the Motion without prejudice, insofar as it concerns the Defamation Claim.[7]

### III. CONCLUSION

**THE COURT**, for the reasons stated above, will deny the Motion without prejudice.  The Court will issue a separate Order.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                  United States District Judge

Date:     May 28, 2013

---

[7] Shoprite may, of course, renew this argument on a later motion for summary judgment.